IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JESUS VALDEZ BERMUDEZ, | ) | |
| Petitioner, | ) | No C 07-2831 VRW (PR) |
| vs. | ) | No C 07-2983 VRW (PR) |
| UNITED STATES IMMIGRATION AND CUSTOM ENFORCEMENT, | ) ) ) | (Doc # 2 & 3) |
| Respondent(s). | ) ) | ORDER |

Petitioner, an alien detained on behalf of the United States Immigration and Custom Enforcement ("ICE") at the Kern County Correctional Facility in Bakersfield, California, has filed two pro se petitions for a writ of habeas corpus under 28 USC § 2241 challenging the denial of his application for release on bail pending removal proceedings.

Because the petition filed as case number 07-2983 contains all the allegations contained in the petition filed as case number 07-2831, and more, the petition filed as case number 07-2831 is DISMISSED. The clerk shall close the file for case number 07-2831 and terminate all motions therein as moot. All future proceedings shall take place in case number 07-2983 only.

I

Petitioner alleges that on July 8, 2005, he went before an Immigration Judge ("IJ") on charges that he was removable based on two California convictions – one for forgery (Cal Penal Code § 475(c)) and one for receiving stolen property (id § 496). Petitioner argued that the convictions were not aggravated felonies and the IJ continued the matter.

On July 11, 2005, the IJ informed petitioner that ICE was alleging additional convictions in support of removal and denied petitioner's application for release on bail pending removal proceedings.

On May 1, 2006, the IJ ordered petitioner removed and, on February 9, 2007, the Board of Immigration Appeals affirmed the order of removal and the denial of release on bail pending removal proceedings   The order of removal is currently pending in the Ninth Circuit.

II

Petitioner alleges that he was denied his due process right to a fair hearing on his application for bail pending removal proceedings. Among other things, he argues that the IJ was not an independent decisionmaker and did not properly consider petitioner's permanent resident status and mitigating evidence.

The Supreme Court has held that when an alien concedes he is removable within the meaning of 8 USC § 1226(c) (eg, because he has a conviction for an aggravated felony or two or more convictions for crimes of moral turpitude), the government may detain the alien without conducting an individualized bail hearing pending removal proceedings. See Demore v Kim, 538 US 510, 522-23, 531 (2003). Petitioner argues that none of his state convictions constitute an aggravated felony or crime of moral turpitude, thereby bringing him outside the ambit of § 1226(c) and the rationale of Demore. Liberally construed, therefore,

2

1   his allegations appear to state a colorable claim for violation of his due process
2   right to a fair bail hearing and will be served.  Cf Kim v Ziglar, 276 F3d 523, 539
3   (9th Cir 2002) (due process requires that IJ conduct bail hearing for lawful
4   permanent resident subject to detention provisions of § 1226(c)), rev's sub nom
5   Demore v Kim, 538 US 510 (2003).[1]

### III

7   Petitioner's motion for appointment of counsel (doc # 2) is DENIED.  See
8   Knaubert v Goldsmith, 791 F2d 722, 728 (9th Cir 1986) (unless an evidentiary
9   hearing is required, the decision to appoint counsel is within the discretion of the
10  district court).  Petitioner has clearly  presented his claims for relief in the
11  petition and attachments thereto, and an order to show cause is issuing.  Accord
12  Bashor v Risley, 730 F2d 1228, 1234 (9th Cir 1984) (although petitioner had no
13  background in law, denial of appointment of counsel within discretion of district
14  court where petitioner clearly presented issues in petition and accompanying
15  memorandum).  The court will appoint counsel on its own motion if a evidentiary
16  hearing is later required.  See Knaubert, 791 F2d at 728 (appointment of counsel
17  mandatory if evidentiary hearing is required).

### IV

19  For the foregoing reasons, and for good cause shown,
20      1.   Petitioner's request to proceed in forma pauperis (doc # 3)is
21  GRANTED.
22      2.   The clerk shall serve by certified mail a copy of this order

---

[1] To whatever extent petitioner claims that his continued detention pending deportation is unlawful, said claim is dismissed as duplicative of his earlier action raising the same claim.  See Bermudez v Gonzales, No C 07-2799 VRW (PR) (ND Cal June 12, 2007) (dismissing same claim as premature).  But petitioner again is reminded that he is free to refile the claim if his detention pending deportation exceeds six months.

3

and the petition and all attachments thereto upon the respondent (Director, ICE Field Office, 630 Sansome Street, Room 590, San Francisco, CA 94111) and the respondent's attorney, the United States Attorney for the Northern District of California. The clerk shall also send a copy of the petition to the Attorney General of the United States in Washington, DC. The clerk shall also serve a copy of this order on the petitioner.

3. Respondent shall file with this court and serve upon the petitioner, within sixty (60) days of the issuance of this order, an answer responding to the allegation of the petition and showing cause why a writ of habeas corpus should not be issued. The respondent shall file with the answer a copy of all documents that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it upon the respondent within thirty (30) days of his receipt of the answer.

SO ORDERED.

_____
VAUGHN R WALKER
United States District Chief Judge

G:\PRO-SE\VRW\OTHER.07\Bermudez2.or1.wpd